Charles Edward **FUNDERBURK**,
Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–82–027CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 25, 1983.

Lawrence Newman, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant was convicted of aggravated robbery. The jury found the enhancement paragraph true and assessed punishment at forty years confinement. We reverse.

Appellant raises four grounds of error. In his second ground of error, Appellant contends the trial court erroneously admitted evidence of an extraneous offense over Appellant's objection. In his third ground of error, Appellant urges the trial court erred in overruling Appellant's motion for a mistrial based on the improper admission of the extraneous offense. We sustain the second and third grounds of error.

Appellant was charged with aggravated robbery of a jewelry store. While investigating the robbery, a Houston police detective received information that Appellant and another individual would be at a certain address in a stolen Chevrolet Corvette. The detective and other Houston police officers set up surveillance on the address and subsequently arrested Appellant and the other person.

Appellant filed a Motion to Suppress and a Motion in Limine. The hearing on the pre-trial motions revealed that the Houston Police Department detective did not know the identity of the informant, had no reason

to believe the information was true, had no information of the informant's whereabouts and assumed that the informant had used a phony name. The detective further testified that when he first went to the address given him by the informant, he saw a red Corvette and could not determine that it was, in fact, stolen. He contacted other police officers and asked them to assist him in a surveillance of the residence and started the surveillance the following morning. The surveillance continued for 8½ hours. During this time the detective did not obtain a search warrant or an arrest warrant because he realized he did not have probable cause. The police subsequently arrested a third party when he entered the Corvette, and the police observed Appellant looking out of an apartment window at the time of this arrest. Appellant was then arrested for the reason that he might escape, and for no other reason. The alleged theft of the Corvette had nothing to do with the aggravated robbery for which Appellant was charged, and Appellant was never seen exercising any possession or control over the Corvette, nor was he ever seen in the vicinity of the Corvette.

After the hearing on the pre-trial motions, the court granted Appellant's Motion in Limine to the extent that the State and its witnesses would be ordered not to offer any testimony concerning the extraneous offense of theft of an automobile.

At the time of trial, the State presented as a witness a Houston police officer who was asked by the State if he was investigating Appellant for any reason. The witness testified that he was investigating Appellant for theft of an automobile and for aggravated robbery. Appellant objected to the question and to the testimony, and the trial court overruled the objection notwithstanding the fact that the court had previously granted Appellant's Motion in Limine prohibiting any evidence of an extraneous offense of theft of an automobile. Appellant's timely motion for mistrial was denied. In overruling the objection and denying the motion for mistrial, the court committed reversible error.

It is a fundamental rule of law that an accused should be tried for the offense for which he is charged, and none other. *Hafti v. State,* 416 S.W.2d 824 (Tex. Cr.App.1967). There was no issue of identity, intent or motive raised by any of the evidence which would permit the introduction of the extraneous offense of theft of an automobile. Appellant did not testify or present any witnesses in his behalf, or raise any defensive theory that might have opened the door for the introduction of the extraneous offense. Therefore, reversible error was committed by the admission of the extraneous offense. *Rogers v. State,* 484 S.W.2d 708 (Tex.Cr.App.1972). *See also Franklin v. State,* 488 S.W.2d 826 (Tex.Cr. App.1972); and *Solsona v. State,* 140 Tex.Cr.R. 305, 144 S.W.2d 270 (1940). Grounds of error two and three are sustained.

Appellant further raises, in ground of error four, the wrongful admission into evidence of a document purporting to show that Appellant was previously convicted of a felony. Because of our ruling on grounds of error two and three, it is unnecessary to go into detail on Appellant's ground of error four. However, the evidence of a prior federal judgment and sentence against Appellant was improperly admitted into evidence because it was not properly certified under TEX.REV.CIV.STAT.ANN. art. 3731a (Vernon Supp.1982–1983). Appellant's fourth ground of error is sustained.

The judgment of the trial court is reversed and the cause is remanded to the court for new trial.