Alonzo Curtis RUSSELL, Appellant,

v.

STATE of Texas, State.

No. 2–88–189–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 6, 1990.

Thomas C. Cotton, Gossom, Cotton & Knight, Wichita Falls, for appellant.

Barry L. Macha, Crim. Dist. Atty., John W. Brasher, Asst. Dist. Atty., Wichita Falls, for State.

Before MEYERS, FARRIS and CLYDE R. ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION

MEYERS, Justice.

Appellant, Alonzo Curtis Russell, was convicted in a trial to the jury of capital murder. *See* TEX. PENAL CODE ANN. § 19.03 (Vernon 1974). Appellant pled not guilty. The jury found appellant guilty and following the jury's deadlock over the deliberate nature of the offense, the court, pursuant to TEX.CODE CRIM.PROC. ANN. art. 37.071(e) (Vernon 1981), sentenced appellant to life imprisonment.

Appellant appeals this conviction raising the five following points of error: (1) the trial court erred in denying appellant's motion for mistrial; (2) the trial court's refusal to allow the State's accomplice witness to be questioned concerning his knowledge of appellant's cooperation with the State was improper; (3) appellant should have been allowed to inquire as to the witness' knowledge of appellant's cooperation with the State when the witness accepted a plea bargain and agreed to testify; (4) evidence regarding the extraneous offenses of the accomplice witness should have been permitted to prove scheme, intent, or plan; and (5) it was error to exclude evidence of prior false accusations by this witness, introduced for purposes of impeachment.

We affirm.

On February 18, 1987, appellant and State's witness, Tracy Long, arrived at Burk Motors, a car lot in Burkburnett, Texas. In a recorded, voluntary statement made to the Wichita County District Attorney, appellant said that Long had invited him to go car shopping. It was Long's testimony that the purpose of their trip was "[j]ust to rob." After visiting a couple of car lots, the two men came upon a pickup truck which they stole and drove to the Burk Motors lot.

Long and appellant offer different versions of the events occurring next. It is appellant's story that while he continued to look at cars, Long disappeared. Long later reappeared inside the car lot office where he pulled a gun out, robbed the car salesman, and shot him. Long stated in his testimony at trial that it was appellant who shot the car salesman.

Prior to appellant's trial both Long and appellant were offered plea bargains. In exchange for testimony against one another, each of them was offered a reduced sentence. However, the acceptance of such an agreement by one defendant extinguished the right of his co-defendant to accept the same offer. Long accepted the deal first. Long's testimony is now the source for all five points of error raised by appellant.

In his first point of error, appellant argues that the trial court erred in overruling his motion for a mistrial. The motion followed Long's response to a question from the State's attorney. The exchange was as follows:

Q. Mr. Long, can you describe for me what your relationship with Mr. Russell was up until, say, February 18th, 1987?

A. Well, we done burglaries.

MR. COTTON: Objection, Your Honor, that's a violation of my Motion in Limine.

THE COURT: I think he misunderstood.

Rephrase your question, I sustain the—

MR. COTTON: We'd ask that the jury be—

THE COURT: Sustain your objection and instruct the jury to disregard the answer; and ask the State to rephrase their question.

MR. COTTON: Your Honor, because of the prejudicial effect and the fact that it can not be cleared up by instruc-

tion to the jury, we move for a mistrial.

THE COURT: Overrule.

As required by Rule 52(a) of the Texas Rules of Appellate Procedure, appellant's counsel made a specific objection to the violation of his motion in limine. The motion prevented the State and its witnesses from discussing any extraneous offense committed by appellant, without conducting a hearing to determine its admissibility outside the presence of the jury. This motion was the only such motion in limine brought by appellant. While appellant only objected to the witness's statement as "a violation of my Motion in Limine," it is clear which motion he was referring to. The motion explains appellant's objection to such testimony due to its prejudicial value, thus the error complained of was preserved.

The error thus being preserved, we must next determine whether the statement was inadmissible under TEX.R.CRIM.EVID. 401–404. We must then find whether its admission was harmful and gave rise to reversible error. In support of his argument that the above-described statement supported his motion for mistrial and the trial court committed error in denying this motion, appellant cites the following cases: *Templin v. State,* 711 S.W.2d 30 (Tex.Crim. App.1986) (en banc); *Elkins v. State,* 647 S.W.2d 663 (Tex.Crim.App.1983) (en banc); *Smith v. State,* 646 S.W.2d 452 (Tex.Crim. App.1983); *Sanders v. State,* 604 S.W.2d 108 (Tex.Crim.App. [Panel Op.] 1980); *Christiansen v. State,* 575 S.W.2d 42 (Tex. Crim.App.1979); *Murphy v. State,* 587 S.W.2d 718 (Tex.Crim.App. [Panel Op.] 1979); *Craig v. State,* 331 S.W.2d 925 (Tex. Crim.App.1959); *Tullos v. State,* 127 S.W.2d 301 (Tex.Crim.App.1939); *Funderburk v. State,* 659 S.W.2d 122 (Tex.App.— Houston [14th Dist.] 1983, no pet.). However, these cases are distinctly different from appellant's. In each of these cases the trial court overruled the defense's objection. Appellant's objection was sustained. The legal analysis required in these two situations is different.

In order to preserve a purported error for the purposes of appellate review, an adverse ruling upon the matter must be obtained at trial. *Nethery v. State,* 692 S.W.2d 686, 701 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986). When an objection has been sustained, the defendant must next ask that the jury be instructed to disregard the statement and if the instruction is given, the defendant must then move for a mistrial. *Id.* Appellant did take all of these steps. However, a nonresponsive answer which has implied that the defendant might have been involved in other criminal activity does not necessitate a finding of reversible error. *Williams v. State,* 643 S.W.2d 136, 138 (Tex.Crim.App. [Panel Op.] 1982). When such prejudicial information inadvertently comes before a jury "the general rule is still that an instruction by the trial judge to the jury to disregard such answer will be sufficient to cure any unresponsive answer." *Id.* In *Coe v. State,* 683 S.W.2d 431, 435–36 (Tex.Crim.App. 1984) a police officer gave an unresponsive answer that the defendant had been involved "in other robberies." The court found that this was not a situation "where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds;" therefore, any error resulting from the testimony was rendered harmless by the trial court's sustaining the objection and instructing the jury to disregard. *Id.* at 436. Further, any such error relating to the statement of which appellant complains also appears harmless due to the other numerous references to burglary and robbery which were not objected to by appellant. Thus, while the error of which appellant complains was properly preserved for our review, we find this error is harmless and accordingly overrule appellant's first point of error.

Since appellant asserted his second and third points of error jointly, we shall address them in a corresponding manner. Appellant's second point of error challenges the trial court's refusal to allow

appellant to question State's witness Tracy Long about his knowledge of appellant's cooperation with the State in taking a polygraph examination prior to Long accepting the above-described plea agreement. Appellant's third point of error propounds that the trial court also erred in not allowing appellant to ask Long whether he knew appellant passed the polygraph test before Long agreed to the plea bargain.

Tracy Long was an accomplice witness. His testimony is inherently suspect due to his admitted participation in the crime as well as the fact that he testified in the case as part of a plea agreement he made with the State. The Court of Criminal Appeals has stated that because an accomplice witness:

> [I]s usually deemed to be corrupt, the witness's testimony should always be looked upon with suspicion. See *Holladay v. State*, 709 S.W.2d 194 (Tex.Cr. App.1986). Thus, any available relevant adverse evidence that might affect such a witness's credibility should be admitted so that the jury might use it in making the determination of how much weight it should give the witness's testimony. See *Bates v. State*, 587 S.W.2d 121 (Tex.Cr. App.1979).

*Virts v. State*, 739 S.W.2d 25, 27 (Tex.Crim. App.1987) (en banc).

The Court of Criminal Appeals has consistently held that "great latitude is allowed the accused in showing any fact, including pending charges, which tend to establish ill feeling, bias, motive, and animus on the part of any witness testifying against him." *Parker v. State*, 657 S.W.2d 137, 139 (Tex.Crim.App.1983) (en banc) (quoting *Simmons v. State*, 548 S.W.2d 386 (Tex.Crim.App.1977)). In *Parker*, the court quoted from a prior Court of Criminal Appeals opinion as follows:

> Evidence to show bias or interest of a witness in a cause covers a wide range and *the field of external circumstances from which probable bias or interest may be inferred is infinite*. The rule encompasses *all facts and circumstances which*, when tested by human experience, *tend to show that a witness may shade his testimony* for the purpose of helping to establish one side of the cause only.

*Id.* at 141 (quoting *Jackson v. State*, 482 S.W.2d 864, 868 (Tex.Crim.App.1972) (emphasis in original)).

 It is true that a defendant has a constitutionally protected right to expose a witness's motive for testifying against him. *Hurd v. State*, 725 S.W.2d 249, 252 (Tex. Crim.App.1987) (en banc). However, this right is not free from all limitations. *Id.* The results of polygraph examinations are inadmissible for *all* purposes. *Nethery v. State*, 692 S.W.2d 686, 700 (Tex.Crim.App. 1985), *cert. denied*, 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *Fernandez v. State*, 564 S.W.2d 771, 773 (Tex.Crim.App. [Panel Op.] 1978); *Robinson v. State*, 550 S.W.2d 54, 59–61 (Tex.Crim.App.1977). The results of polygraph examinations are excluded due to their inherent unreliability and tendency to be unduly persuasive. *Banda v. State*, 727 S.W.2d 679, 681 (Tex. App.—Austin 1987, no pet.).

 Clearly, any reference to polygraph or lie detector tests is improper even when the test result is not disclosed. *Reed v. State*, 522 S.W.2d 466, 468–69 (Tex.Crim. App.1975); *Hannon v. State*, 475 S.W.2d 800, 802–03 (Tex.Crim.App.1972); *Renesto v. State*, 452 S.W.2d 498, 500 (Tex.Crim. App.1970). Appellant's freedom to inquire as to any potential motive for bias on the part of a witness does not turn an impermissible inquiry into a permissible one.

Appellant's second and third points of error are overruled.

 Points of error four and five are also consolidated for address by appellant. We shall address these issues jointly as well. Point of error four argues that the trial court erred in excluding evidence of an extraneous offense committed by State's witness Tracy Long offered to show scheme, intent, or plan on the part of Long. Point of error five further asserts that evidence of the false accusations made by Long in relation to this extraneous offense offered for the purposes of impeachment was improperly excluded by the trial court.

Appellant argues that Long's extraneous offense was admissible under Rule 404(b)

of the Texas Rules of Criminal Evidence. We do not agree. No Texas court has allowed an extraneous offense to be admitted against a witness under the authority of Rule 404(b). This rule refers to the admission of extraneous offenses against the accused. We are particularly influenced by the absence of case law supporting the admission of such offenses against a witness as well as the text of the rule itself which reads as follows:

> **(b) Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes; such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the *accused,* reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

TEX.R.CRIM.EVID. 404(b) (emphasis added). The rule's direct reference to the "accused" persuades us that the purposes for which such evidence are allowed are to be relative to the alleged crime of the instant case. The witness not being on trial in this case, it would be improper to inquire into such matters as regard the witness himself.

■ With regard to appellant's desire to inquire as to false accusations made by Long in relation to the aforementioned extraneous offense, for the purposes of impeachment, we find that error on this issue was not preserved. Rule 608 of the Texas Rules of Criminal Evidence governs the manner in which the credibility of a witness may be attacked. Rule 608 reads as follows:

> **(a) Opinion and Reputation Evidence of Character.** The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence *may refer only to character for truthfulness or untruthfulness,* and (2) evidence of truthful character is *admissible only after the character of the witness for truthfulness has been attacked* by opinion or reputation evidence or otherwise.

> **(b) Specific Instances of Conduct.** *Specific instances of the conduct of a witness,* for the purpose of attacking or supporting his credibility, *other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence.*

TEX.R.CRIM.EVID. 608 (emphasis added).

■ From the text of the above-described rule, it appears that certain preliminary steps must have been taken by appellant before he could question Long regarding the extraneous offense in question in the jury's presence. To preserve error in situations where appellant seeks to elicit certain responses from a State's witness, but is prevented from doing so by the trial court, appellant is required to ask such questions outside the jury's presence or make an offer of proof showing the questions that would have been asked and the anticipated responses. *Virts,* 739 S.W.2d at 29. Appellant did question Long outside the presence of the jury. However, the witness was not specifically asked if he previously made a false accusation against a potential co-defendant and no offer of proof was made as to the expected answer. Therefore, the error was not preserved.

We also note that the specific offense to which appellant wished to refer did not result in a conviction and thus would not be admissible under Rule 609 of the Texas Rules of Criminal Evidence which governs impeachment of a witness with evidence of a conviction of a crime. Therefore any reference to the extraneous offense of witness Tracy Long into which appellant sought to inquire was properly excluded. Appellant's fourth and fifth points of error are overruled.

We affirm.

FARRIS, J., concurs without opinion.