TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00462-CR






Jesse Alonzo, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0982375, HONORABLE CHARLES CAMPBELL, JUDGE PRESIDING







 Appellant was convicted of aggravated robbery in a jury trial and sentenced by the
court to forty years' imprisonment. See Tex. Penal Code Ann. § 29.03(a)(2), (3) (West 1994).
Appellant complains in four points of error of the court's failure to grant a mistrial because of an
unresponsive answer by a witness revealing an extraneous offense; of the trial court's admission
of rebuttal evidence showing an extraneous offense, being a previous recent robbery of the same
victim; and of the trial court's limiting instruction on the jury's consideration of extraneous offense
evidence. We will overrule these points and affirm the conviction.


Background

 On the evening of December 21, 1996, a woman with whom Andrew Segura had
gone to school knocked on his door, and he opened it. She stepped aside and three men forced
their way into his apartment and robbed him at gunpoint of his money, jewelry, drugs, and guns. 
The woman, Martina Maldonado, testified that appellant was one of the three men she had driven
to the planned robbery and, upon completion, away from it. Appellant took the stand and denied
ever having been in the victim's home or of having any involvement with the robbery. As
rebuttal, the State offered testimony from Martina Maldonado and Miguel Martinez about a
previous robbery committed by appellant against the same victim in the same home a month
earlier. The court limited the State's use of the evidence of the prior robbery such that the jury
could only consider it for purposes of showing identity and motive.


Trial Court's Refusal to Grant Mistrial


 Appellant's first point of error contends that the trial court erred in refusing to grant his motion
for mistrial when a witness, in violation of his motion in limine, mentioned an extraneous offense. 
The statement was Martina Maldonado's unresponsive answer to the State's question on direct
examination. The testimony was as follows:


Q: Direct your attention back to December 21st of 1966. Did you participate in
a robbery that evening?


A: Yes, I did.


Q: Who was with you that evening?


A: Joe Moreno, Jesse Alonzo, Ruben Ybanez and myself.


 . . . .


Q: When did you first hear that those people you mentioned were going to do a
robbery that night, on December 21st?


A: Right before we left to go down there.


Q: And what did they say about the robbery that they planned to do?


A: To go down there to get more of what they could, because the first time they
went they didn't get very much.



 Appellant objected at this point and the jury was sent out. Appellant stated his
objection, noted that the testimony was in violation of his motion in limine, which the court had
granted, and moved for a mistrial. The trial court instructed the witness not to mention anything
but the offense on December 21, 1996. Appellant then made his motion as follows:


[Appellant's attorney]: At this time I believe that the damage that has been caused
to [appellant] is so severe that I don't think an instruction can cure this and I
believe it is a clear violation of our motion in limine and we would move for a
mistrial at this time.


THE COURT: All right. I am going to deny your mistrial. Do you want to
instruct the jury to disregard the last answer of the witness? 



Appellant declined the opportunity to have the jury so instructed.

 Generally, when a witness improperly refers to or implies an extraneous offense,
the trial court can cure the harm by instructing the jury to disregard the statement. Kemp v. State,
846 S.W.2d 289, 308 (Tex. Crim. App. 1992); Delgado v. State, 986 S.W.2d 306, 309 (Tex.
App.--Austin 1999, no pet.); see Kipp v. State, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994).
However, an instruction will not cure the harm where the testimony appears to have been clearly
calculated to inflame the minds of the jurors or is of such damning character that it would be
impossible to remove the statement from the jury's mind. Kemp, 846 S.W.2d at 308. 

 In the instant case, appellant does not argue that the information was a calculated 
action by the State to inflame the minds of the jurors with this information. The record shows that
the witness gave an unresponsive answer to the State's question. In considering appellant's motion
for mistrial, the trial court determined that the State's question was not improper. There is no
evidence in the record suggesting improper motive to disclose this information on the State's part. 
The issue becomes whether the statement was so inflammatory that even an instruction could not
remove it from the jury's mind. The statement did not specifically name appellant as one of those
who participated in the previous robbery. See Kipp, 876 S.W.2d at 339 (where reference to
extraneous offense was vague, did not directly implicate defendant and did not give facts giving
credence to defendant's connection with offense error curable with instruction to disregard). We
believe that this ambiguity as to the participants in the extraneous offense lessens the prejudicial
impact the statement might have had on the jury, and increases the likelihood that an instruction
to disregard would have been adequate to cure the error, had it been given. The statement was
not so inflammatory that it could not have been cured by an instruction to disregard. See Russell
v. State, 798 S.W.2d 632, 633 (Tex. App.--Fort Worth 1990, no pet.) (witness's unresponsive
statement referring to previous burglaries committed together with defendant was curable by
instruction). Where the testimony offered in violation of the defendant's motion in limine was
curable with an instruction to disregard the statement, and the defendant failed to request the
instruction, the appellant waived any error. May v. State, 738 S.W.2d 261, 272 (Tex. Crim. App.
1987). We hold that appellant waived error by failing to request the court to instruct the jury to
disregard the statement. The first point of error is overruled.

Extraneous Offense Presented in Rebuttal

 The victim testified and identified appellant as one of the individuals who forced
their way into his house at gunpoint. He testified that appellant was not masked, was the person
in charge telling the others what to do, and carried a .357 revolver. The group stole his money,
guns, jewelry, and cocaine. The victim had known appellant for several years and recognized
him. Appellant took the stand in his own behalf and denied any involvement in the robbery or
ever being in appellant's home. In order to rebut his testimony, the State presented evidence of
another robbery committed by appellant against the same victim a month prior to the one charged
at trial. The State presented this evidence through the witness Martina Maldonado, the woman
who drove the group to the robbery and knocked on the door to get the victim to open the door.
She was recalled to testify that while driving the group to the robbery, they discussed having
robbed the same victim a month before, but not finding as much money as they had expected. 
They also appeared upset that the victim had told others about that robbery and laughed at them
because they only got "chump change," and Maldonado testified that the robbers intended to get
back at the victim for making fun of them after the last time they robbed him.

 Appellant's trial objection was based on Rule 404(b) of the Texas Rules of Evidence
which provides that evidence of extraneous offenses is not admissible to show character and
conformity therewith. Tex. R. Evid. 404(b). However, the Rule enumerates several purposes for
which such evidence is admissible. Included among these purposes is the use of extraneous
offenses to prove motive or identity. The State contends that evidence of the extraneous offense
introduced against appellant was properly admitted under Rule 404(b) to show proof of both
identity and motive. The trial court gave these purposes as the reason for admitting the extraneous
offense over appellant's objection.

 An extraneous offense may become admissible if the defendant raises the issue of
identity. Moore v. State, 700 S.W.2d 193, 199 (Tex. Crim. App. 1985). Where a defendant
presents the defense of alibi, he raises the issue of his identity. Id. See Casey v. State, 708
S.W.2d 914, 918 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd). Such evidence has relevance
apart from character conformity when it tends to establish some elemental fact, such as identity
or intent. See Montgomery v. State, 810 S.W.2d 372, 387-88 (Tex. Crim. App.1990). In the
instant case appellant testified that he was home in Bastrop with his girlfriend and children the
night of the robbery. By denying involvement and offering an alibi, he created an issue as to his
identity as the perpetrator of the robbery in which the victim identified him.

 The existence of a material issue of identity alone is not sufficient to sustain the
admission of an extraneous offense for identity purposes. Casey, 708 S.W.2d at 919. It is also
necessary to demonstrate distinguishing characteristics common to both the extraneous offense and
the offense for which a defendant is on trial. Id.; Poullard v. State, 833 S.W.2d 273, 277 (Tex.
App.--Houston [1st Dist.] 1992, pet. ref'd). Once appellant placed his identity in issue, the State
could offer evidence of an extraneous offense to prove identity if there was some distinguishing
characteristic common to both the extraneous offense and the offense for which appellant was on
trial. Chambers v. State, 601 S.W.2d 360, 362 (Tex. Crim. App. 1980).

 Both Casey and Poullard involved robbery cases. In Casey, the court noted the
common use of guns, masks, and police scanners in both robberies. The court in Poullard looked
to the proximity in time, place, and manner the crimes were committed to support its ruling. In
both cases, appellant committed two robberies four days apart, both were at night, using a
revolver against a female working in a small store, and in both, the victim had their personal
jewelry stolen along with money from the cash drawer. Poullard, 833 S.W.2d at 276.

 The characteristics of the two robberies in the instant case are strikingly similar. 
In both instances the appellant entered the victim's house, threatened him with a gun, and took
money, drugs, and jewelry. The two offenses involve the same victim in the same house just a
month apart. The victim identified appellant as one of the robbers in both cases. The similarities
in the two offenses in the instant case are not significantly different that those in the Casey and
Poullard cases.

 Evidence of an extraneous offense may become admissible upon a showing by the
prosecution that the transaction is relevant to a material issue in the case, and that the relevancy
value of the evidence outweighs its inflammatory or prejudicial potential. Crank v. State, 761
S.W.2d 328, 342 (Tex. Crim. App. 1988). The analysis is for the trial court in the first instance, and
absent a clear abuse of discretion the court's decision will not be disturbed on appeal. Crank, 761
S.W.2d at 342. Appellant argues that even if the extraneous offense has probative value, it should
still be inadmissible under Rule 403. Tex. R. Evid. 403. This rule requires the trial court to
exclude evidence if its probative value is substantially outweighed by the danger of unfair
prejudice. The court of criminal appeals has indicated that the measure of the probative value of
an extraneous offense is dependent upon its similarity to the offense charged. Clark v. State, 726
S.W.2d 120, 123 (Tex. Crim. App. 1986). Where there is a substantial, distinctive likeness to
the offense charged, and a proper limiting instruction is given to the jury, the potential prejudice
is outweighed by the probative value. We hold that the trial court did not abuse its discretion in
admitting the evidence of the extraneous offense under the exception for proof of identity.

 In addition, we agree with the State that the testimony about the extraneous robbery 
was also properly admissible as proof of motive. The court of criminal appeals has found that
where prior misconduct was committed against the same victims as the offense charged, there is
an indication of hostility or ill will on the part of the appellant. Foy v. State, 593 S.W.2d 707,
709 (Tex. Crim. App. 1980). The court further held that under these circumstances, the prior
misconduct should be admissible as evidence of motive. Id. See also Bevers v. State, 811 S.W.2d
657, 662 (Tex. App.--Fort Worth 1991, pet. ref'd) (holding evidence of similar crime against
same victim admissible to show motive). We hold that evidence of appellant's recent prior
robbery of the same victim was admissible because it tended both to establish a pattern and to
show a motive for the second robbery. The trial court did not abuse its discretion in admitting the
evidence of the prior robbery to show appellant's identity and motive. Appellant's second point
of error is overruled.


Limiting Instructions on Extraneous Offense


 In points of error three and four appellant contends that the trial court's verbal and
written instructions limiting the use of the extraneous offense impermissibly expanded the jury's
consideration of the extraneous offense evidence. After permitting the State to introduce evidence
of the extraneous robbery offense, the trial court instructed the jury that it could only be
considered for showing identity and motive. The trial court gave the same instruction in writing
when the case was submitted to the jury.

 Appellant refers us to the record to support his position that the trial court admitted 
the extraneous robbery only to show identity, but not motive. This was the trial court's initial
ruling on the matter, but only a few lines later the court stated, "I am going to allow it for both
purposes, gentlemen. Let the jury choose." Following this statement the jury was brought in and
the testimony was offered. Appellant's last two points of error are based on a misreading of the
record, and there is no factual basis for his complaints on the overbreadth of the instruction. We
overrule appellant's points of error three and four.


Conclusion


 Having overruled appellant's four points of error, we affirm the judgment of
conviction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: August 26, 1999

Do Not Publish



showing by the
prosecution that the transaction is relevant to a material issue in the case, and that the relevancy
value of the evidence outweighs its inflammatory or prejudicial potential. Crank v. State, 761
S.W.2d 328, 342 (Tex. Crim. App. 1988). The analysis is for the trial court in the first instance, and
absent a clear abuse of discretion the court's decision will not be disturbed on appeal. Crank, 761
S.W.2d at 342. Appellant argues that even if the extraneous offense has probative value, it should
still be inadmissible under Rule 403. Tex. R. Evid. 403. This rule requires the trial court to
exclude evidence if its probative value is substantially outweighed by the danger of unfair
prejudice. The court of criminal appeals has indicated that the measure of the probative value of
an extraneous offense is dependent upon its similarity to the offense charged. Clark v. State, 726
S.W.2d 120, 123 (Tex. Crim. App. 1986). Where there is a substantial, distinctive likeness to
the offense charged, and a proper limiting instruction is given to the jury, the potential prejudice
is outweighed by the probative value. We hold that th