COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-085-CR

 

 

CEDRIC DEAN POPE                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.      Introduction








A jury convicted Appellant
Cedric Dean Pope of deadly conduct and assessed his punishment at sixty years= confinement.  In three issues,
Appellant contends that the evidence is legally and factually insufficient to
support his conviction in light of the evidence of self-defense, and the trial
court erred in failing to grant a mistrial after a witness for the State
violated the trial court=s ruling on
Appellant=s motion in
limine.  We affirm.

II.     Factual
and Procedural Background

On the night of August 15,
2003, Damien Pope received a telephone call from his sister Theresa Pope.  He immediately went to her home and found her
crying and upset.  Afterward, he decided
to find Appellant, his brother.[2]  Damien went to the ABailey projects,@ where he had
seen Appellant on a prior occasion, and found him walking along the sidewalk on
the side of the street. As Damien drove up beside Appellant in his truck, he
rolled down his window and shouted for Appellant to take out his gun.  Appellant took a pistol from his waistband
and cocked it.  Appellant then walked
behind Damien=s truck and
crossed the street.  Damien turned his
truck around.  He also used his cell
phone to call his cousin and tell him that he had found Appellant.  








Immediately after Damien
ended the phone call, Appellant began shooting at Damien=s truck.  Damien quickly drove
off and called 9-1-1 on his cell phone to report the incident.  As he was talking to the 9-1-1 operator,
Damien drove one block over and saw Appellant again.  Damien slowed down, and Appellant raised his
gun as if he was going to shoot again, but he did not.  Appellant turned and ran away.  Damien then circled the block two more times
looking for Appellant but was unable to find him.  

Officer Robert Woodruff
received a call about a shooting around the 400 block of Bailey.  When he arrived, he found Damien, who was
very upset. Officer Woodruff testified that Damien said that he had had a
verbal dispute with Appellant and then Appellant had shot at him.[3]  Officer Woodruff found six casings from a
nine millimeter handgun, and Officer Carry Venable found a bullet slug in the
back of Damien=s truck. 








Five days later, Officer
Charles Eipper was working at his part-time job for the Wichita Falls Housing
Authority when he received a call from dispatch to look for Appellant.  With the help of Appellant=s sister, Theresa Pope, Officer Eipper located him.  When Appellant saw Officer Eipper, he ran;
however, Officer Eipper caught up with Appellant as he was trying to get into
an apartment.  Officer Eipper arrested
Appellant, and found a black Ruger nine millimeter handgun and a box of
ammunition in the backpack that Appellant was carrying.  The gun magazine contained fifteen rounds of
ammunition.   

The jury convicted Appellant
of deadly conduct.  The indictment
included two enhancement paragraphs, the first for Appellant=s prior conviction of failure to stop and render aid and the second
for Appellant=s prior
conviction of retaliation.  The jury
assessed his punishment at sixty years= confinement in the Institutional Division of the Texas Department of
Criminal Justice. 

III.     Legal
Sufficiency

In his first issue, Appellant
contends that the evidence is legally insufficient to support his conviction in
light of the evidence of self-defense that was presented.  Specifically, Appellant argues that when
Damien picked up his cell phone to call his cousin, Appellant had a reasonable
belief or expectation that Damien was picking up a gun and preparing to shoot
at him; therefore, no rational juror could have found against Appellant on the
issue of self-defense beyond a reasonable doubt.

When an appellant challenges
the legal sufficiency of the evidence to support the rejection of a defense,
the appellate court asks the following:

whether,
after viewing all the evidence in the light most favorable to the prosecution,
any rational trier of fact would have found the essential elements of [the
offense] beyond a reasonable doubt and also would have found against appellant
on the [defensive] issue beyond a reasonable doubt.








Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

A person is
justified in using deadly force when: (1) self‑defense is justified under
section 9.31,[4]
(2) a reasonable person in the defendant=s situation would not have retreated, and (3) the use of deadly force
was reasonably believed to be immediately necessary to protect the defendant
against another=s use or
attempted use of unlawful deadly force.  See
Tex. Penal Code Ann. ' 9.32(a) (Vernon 2003).  A
defendant bears the burden of producing some evidence that supports the
defense.  See Zuliani v. State, 97
S.W.3d 589, 594 (Tex. Crim. App. 2003); Saxton, 804 S.W.2d at
913-14.  After the defendant has produced
such evidence, the State then bears the burden of persuasion to disprove
it.  See Zuliani, 97 S.W.3d at
594; Saxton, 804 S.W.2d at 913-14. 
The State=s burden
does not require the State to introduce evidence disproving the defense, rather
it requires the State to prove its case beyond a reasonable doubt.  See Zuliani, 97 S.W.3d at 594; Saxton,
804 S.W.2d at 913.  A jury verdict of
guilty is an implicit finding rejecting the defense.  See Zuliani, 97 S.W.3d at 594;
Saxton, 804 S.W.2d at 914.








Here, the
State had to prove that Appellant knowingly discharged a firearm at or in the
direction of a vehicle and was reckless as to whether the vehicle was occupied.  See Tex.
Penal Code Ann. ' 22.05(b)
(Vernon 2003).  The trial court charged
the jury on self-defense as it is defined in section 9.31 of the penal
code.  See id. ' 9.31.  Viewed in the light most
favorable to the verdict, the evidence establishes that when Damien found his
brother, the two argued, and Appellant took out his gun.  Then, after Damien ended the cell phone call
that he made to his cousin, Appellant began shooting at Damien=s truck.  Damien sped away,
nevertheless, his truck sustained various bullet holes.  Furthermore, one police officer found six
casings from a nine millimeter handgun at the scene, and another officer found
a bullet slug in the back of Damien=s truck.  There was no evidence
that Damien threatened to kill Appellant. 


We hold that
any rational juror could have found the elements of deadly conduct beyond a
reasonable doubt and could have also found against Appellant on the issue of
self-defense beyond a reasonable doubt. 
We overrule Appellant=s first issue.    

IV.    Factual
Sufficiency








In his
second issue, Appellant contends that the evidence was factually insufficient
to support his conviction in light of the evidence of self-defense that was
presented.  Having reviewed the record in
this case, we conclude the evidence is factually sufficient to support
Appellant=s
conviction.  

In reviewing
the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.

Viewed in a
neutral light, the evidence shows that Appellant began shooting at Damien=s truck just after Damien ended a call on his cell phone.  Damien testified that the cab=s dome light was probably off at the time.  Furthermore, the cell phone was described at
trial as being about the size of a pistol=s handle.  On the other hand,
Damien also testified that he did not have a gun that night, nor had he ever
shot at Appellant before.  Moreover,
after the incident, Damien sped away and called 9-1-1 to report the
incident.  However, he did continue to
circle the block looking for Appellant.  








We are to
give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that
of the fact finder=s.  Zuniga, 144 S.W.3d at 482.  Therefore, we cannot say the jury=s verdict was clearly wrong or manifestly unjust.  We overrule Appellant=s second issue.

V.     Mistrial

In his third
issue, Appellant contends that the trial court erred in failing to grant a
mistrial after a witness for the State violated the trial court=s ruling on Appellant=s motion in limine.  With
respect to this issue, the record reflects the following exchange:  

Q.   Damien, would you please explain to the jury
why you told your brother to go ahead and take out his gun?

 

A.   I=m not sure -- I=ve been in
those same projects with Cedric, and almost the exact same situation, he pulled
out a gun.  This was a couple -- maybe a
month or two prior.

Appellant=s counsel objected, and after approaching the bench, he explained that
the witness was getting into an extraneous offense in violation of the trial
court=s ruling on Appellant=s motion in limine.  The trial
court sustained the objection.  Appellant=s counsel then asked for an instruction to be given to the jury, and
the trial court instructed the jury to disregard the statement of the
witness.  However, when Appellant=s counsel moved for mistrial, the court overruled the motion. 








Relying on Lagrone
v. State, 942 S.W.2d 602 (Tex. Crim. App.), cert. denied, 522 U.S.
917 (1997), the State contends that Appellant has forfeited his third issue
because his initial objection was untimely. 
Specifically, the State argues that the basis for the objection became
apparent at the first mention of the weapon; however, Appellant objected only
after the mention of the applicable time frame. 


A defendant
must make a timely objection in order to preserve an error in the admission of
evidence.  Dinkins v. State, 894
S.W.2d 330, 355 (Tex. Crim. App.), cert. denied, 522 U.S. 917
(1995).  An objection should be made as
soon as the ground for objection becomes apparent.  Id. 
In general, this occurs when the evidence is admitted.  Id. 
Here, the witness=s response
was objectionable, not the question. 
Appellant objected to the response immediately after it was given and
before another question could be asked. 
Therefore, the objection was timely.

Furthermore,
Lagrone is distinguishable from the case before us.  In Lagrone, the prosecutor asked two
questions.  942 S.W.2d at 617.  The witness responded to each
accordingly.  Id.  The prosecutor then passed the
witness.  Id.  Only then did the defense attorney object
to any further questioning of the witness and to the two questions already
asked and answered.  Id. 








The error
thus being preserved, we must next determine whether the trial court=s refusal to grant a mistrial was error.  We review the trial court=s denial of the motion for a mistrial under an abuse of discretion
standard.  Ladd v. State, 3 S.W.3d
547, 567 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070
(2000).  When objectionable testimony is
elicited, inadvertently or deliberately, an appellate court presumes the jury
will follow instructions to disregard the evidence.  Id. 
It is well-settled that testimony referring to or implying extraneous
offenses can be rendered harmless by an instruction to disregard by the trial judge,
unless it appears the evidence was so clearly calculated to inflame the minds
of the jury or is of such damning character as to suggest it would be
impossible to remove the harmful impression from the jury=s mind.  Kemp v. State,
846 S.W.2d 289, 308 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 918
(1993).  The determination of whether a
given error necessitates a mistrial must be made by examining the particular
facts of the case.  Ladd, 3 S.W.3d
at 567.








In similar
cases, courts have held a curative instruction sufficient to render
objectionable testimony harmless.  See,
e.g., Kemp, 846 S.W.2d at 308 (holding State=s witness=s reference
to defendant=s prior
incarceration rendered harmless by curative instruction); Gardner v. State,
730 S.W.2d 675, 696-97 (Tex. Crim. App.) (holding witness=s testimony during State=s cross-examination that, when defendant was in the penitentiary, he
had stomach problems attributable to drug withdrawal was cured by trial court=s instruction to disregard), cert. denied, 484 U.S. 905 (1987);
Barney v. State, 698 S.W.2d 114, 124-25 (Tex. Crim. App. 1985) (holding
State=s witness=s answer
that victim did not like defendant because Ahe was an ex-con@ was
improper reference to extraneous offense, but cured by jury instruction).  Appellant would have us distinguish each of
these cases because the defendant in each was merely referred to as being
incarcerated rather than, as here, being accused of committing nearly the same
offense for which he is presently being tried. 
However, we find Appellant=s argument unpersuasive.  

In Russell
v. State, 798 S.W.2d 632 (Tex. App.CFort Worth 1990, no pet.), the defendant was on trial for capital
murder, stemming from the robbery and shooting death of a car salesman.  Id. at 633.  In his testimony at trial and in violation of
the defendant=s motion in
limine, the defendant=s accomplice
referred to prior burglaries performed by them together.  Id. 
We held this error was rendered harmless by the trial court
sustaining the defendant=s objection
and instructing the jury to disregard.  Id.
at 633-34.  








In addition,
we disagree that the State invited the witness=s testimony.  The witness could
have answered the State=s question
in any number of ways that would not have invited testimony of an extraneous
offense.  Furthermore, if the State=s question had been objectionable in itself, then Appellant would have
had to object to it before the witness was allowed to answer, or any error on
appeal would have been forfeited.  See
Dinkins, 894 S.W.2d at 355.

Therefore,
we conclude that the reference to Appellant=s prior gun use was not so inflammatory as to undermine the efficacy
of the trial court=s
instruction to disregard.  The court=s instruction to disregard the statement cured any error accruing from
the witness=s
answer.  We overrule Appellant=s third issue.

VI.    Conclusion

Having
overruled Appellant=s three
issues on appeal, we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 29, 2005











[1]See Tex. R. App. P. 47.4.





[2]Although
in his brief Appellant claims that Damien was looking for him at Theresa=s
request, it is unclear from the record exactly why Damien decided to locate his
brother that night.





[3]Damien
later testified that he and Appellant had not had any conversation on the night
of the shooting except that he told Appellant to take out his gun.  However, an eleven-year-old girl who lived
near where the shooting took place and who was sitting on her porch on the
night of the shooting testified that she heard loud yelling, sounding like an
argument, between Damien and Appellant just before Appellant began shooting. 





[4]Section
9.31 states that a person is justified in using force against another when and
to the degree he reasonably believes the force is immediately necessary to
protect himself against the other=s use or attempted use of
unlawful force.  Tex. Penal Code Ann. ' 9.31(a) (Vernon 2003).