POPE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-085-CR

CEDRIC DEAN POPE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

A jury convicted Appellant Cedric Dean Pope of deadly conduct and assessed his punishment at sixty years’ confinement.  In three issues, Appellant contends 
that the evidence is legally and factually insufficient to support his conviction in light of the evidence of self-defense, and the trial court erred in failing to grant a mistrial after a witness for the State violated the trial court’s ruling on Appellant’s motion in limine.  We affirm.

II. Factual and Procedural Background

On the night of August 15, 2003, Damien Pope received a telephone call from his sister Theresa Pope.  He immediately went to her home and found her crying and upset.  Afterward, he decided to find Appellant, his brother.
(footnote: 2)  Damien went to the “Bailey projects,” where he had seen Appellant on a prior occasion, and found him walking along the sidewalk on the side of the street. As Damien drove up beside Appellant in his truck, he rolled down his window and shouted for Appellant to take out his gun.  Appellant took a pistol from his waistband and cocked it.  Appellant then walked behind Damien’s truck and crossed the street.  Damien turned his truck around.  He also used his cell phone to call his cousin and tell him that he had found Appellant.  

Immediately after Damien ended the phone call, Appellant began shooting at Damien’s truck.  Damien quickly drove off and called 9-1-1 on his cell phone to report the incident.  As he was talking to the 9-1-1 operator, Damien drove one block over and saw Appellant again.  Damien slowed down, and Appellant raised his gun as if he was going to shoot again, but he did not.  Appellant turned and ran away.  Damien then circled the block two more times looking for Appellant but was unable to find him.  

Officer Robert Woodruff received a call about a shooting around the 400 block of Bailey.  When he arrived, he found Damien, who was very upset. Officer Woodruff testified that Damien said that he had had a verbal dispute with Appellant and then Appellant had shot at him.
(footnote: 3)  Officer Woodruff found six casings from a nine millimeter handgun, and Officer Carry Venable found a bullet slug in the back of Damien’s truck. 

Five days later, Officer Charles Eipper was working at his part-time job for the Wichita Falls Housing Authority when he received a call from dispatch to look for Appellant.  With the help of Appellant’s sister, Theresa Pope, Officer Eipper located him.  When Appellant saw Officer Eipper, he ran; however, Officer Eipper caught up with Appellant as he was trying to get into an apartment.  Officer Eipper arrested Appellant, and found a black Ruger nine millimeter handgun and a box of ammunition in the backpack that Appellant was carrying.  The gun magazine contained fifteen rounds of ammunition.   

The jury convicted Appellant of deadly conduct.  The indictment included two enhancement paragraphs, the first for Appellant’s prior conviction of failure to stop and render aid and the second for Appellant’s prior conviction of retaliation.  The jury assessed his punishment at sixty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice. 

III. Legal Sufficiency

In his first issue, Appellant contends that 
the evidence is legally insufficient to support his conviction in light of the evidence of self-defense that was presented.  Specifically, Appellant argues that when Damien picked up his cell phone to call his cousin, Appellant had a reasonable belief or expectation that Damien was picking up a gun and preparing to shoot at him; therefore, no rational juror could have found against Appellant on the issue of self-defense beyond a reasonable doubt.

When an appellant challenges the legal sufficiency of the evidence to support the rejection of a defense, the appellate court asks the following:

whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of [the offense] beyond a reasonable doubt and also would have found against appellant on the [defensive] issue beyond a reasonable doubt.

Saxton v. State
, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

A person is justified in using deadly force when: (1) self-defense is justified under section 9.31,
(footnote: 4) (2) a reasonable person in the defendant’s situation would not have retreated, and (3) the use of deadly force was reasonably believed to be immediately necessary to protect the defendant against another’s use or attempted use of unlawful deadly force.  
See
 
Tex. Penal Code Ann. 
§ 9.32(a) (Vernon 2003).  A defendant bears the burden of producing some evidence that supports the defense.  
See Zuliani v. State
, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); 
Saxton
, 804 S.W.2d at 913-14.  After the defendant has produced such evidence, the State then bears the burden of persuasion to disprove it.  
See Zuliani
, 97 S.W.3d at 594; 
Saxton
, 804 S.W.2d at 913-14.  The State’s burden does not require the State to introduce evidence disproving the defense, rather it requires the State to prove its case beyond a reasonable doubt.  
See Zuliani
, 97 S.W.3d at 594; 
Saxton
, 804 S.W.2d at 913.  A jury verdict of guilty is an implicit finding rejecting the defense.  
See Zuliani
, 97 S.W.3d at 594;
 Saxton
, 804 S.W.2d at 914.

Here, the State had to prove that Appellant knowingly discharged a firearm at or in the direction of a vehicle and was reckless as to whether the vehicle was occupied.  
See 
Tex. Penal Code Ann.
 § 22.05(b) (Vernon 2003).  The trial court charged the jury on self-defense as it is defined in section 9.31 of the penal code.  
See id. 
§ 9.31.  Viewed in the light most favorable to the verdict, the evidence establishes that when Damien found his brother, the two argued, and Appellant took out his gun.  Then, after Damien ended the cell phone call that he made to his cousin, Appellant began shooting at Damien’s truck.  Damien sped away, nevertheless, his truck sustained various bullet holes.  Furthermore, one police officer found six casings from a nine millimeter handgun at the scene, and another officer found a bullet slug in the back of Damien’s truck.  There was no evidence that Damien threatened to kill Appellant.  

We hold that any rational juror could have found the elements of deadly conduct beyond a reasonable doubt and could have also found against Appellant on the issue of self-defense beyond a reasonable doubt.  We overrule Appellant’s first issue.    

IV. Factual Sufficiency

In his second issue, Appellant contends that the evidence was factually insufficient to support his conviction in light of the evidence of self-defense that was presented.  Having reviewed the record in this case, we conclude the evidence is factually sufficient to support Appellant’s conviction.  

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.

Viewed in a neutral light, the evidence shows that Appellant began shooting at Damien’s truck just after Damien ended a call on his cell phone.  Damien testified that the cab’s dome light was probably off at the time.  Furthermore, the cell phone was described at trial as being about the size of a pistol’s handle.  On the other hand, Damien also testified that he did not have a gun that night, nor had he ever shot at Appellant before.  Moreover, after the incident, Damien sped away and called 9-1-1 to report the incident.  However, he did continue to circle the block looking for Appellant.  

We are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482. 
 Therefore, we cannot say the jury’s verdict was clearly wrong or manifestly unjust.  
We overrule Appellant’s second issue.

V. Mistrial

In his third issue, Appellant contends that the trial court erred in failing to grant a mistrial after a witness for the State violated the trial court’s ruling on Appellant’s motion in limine.  With respect to this issue, the record reflects the following exchange:  

Q.   Damien, would you please explain to the jury why you told your brother to go ahead and take out his gun?

A.   I’m not sure -- I’ve been in those same projects with Cedric, and almost the exact same situation, he pulled out a gun.  This was a couple -- maybe a month or two prior.

Appellant’s counsel objected, and after approaching the bench, he explained that the witness was getting into an extraneous offense in violation of the trial court’s ruling on Appellant’s motion in limine.  
The trial court sustained the objection.  Appellant’s counsel then asked for an instruction to be given to the jury, and the trial court instructed the jury to disregard the statement of the witness.  However, when Appellant’s counsel moved for mistrial, the court overruled the motion. 

Relying on 
Lagrone v. State
, 942 S.W.2d 602 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997), the State contends that Appellant has forfeited his third issue because his initial objection was untimely.  Specifically, the State argues that the basis for the objection became apparent at the first mention of the weapon; however, Appellant objected only after the mention of the applicable time frame.  

A defendant must make a timely objection in order to preserve an error in the admission of evidence.  
Dinkins v. State
, 894 S.W.2d 330, 355 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1995).  An objection should be made as soon as the ground for objection becomes apparent.  
Id.
  In general, this occurs when the evidence is admitted.  
Id.
 
 Here, the witness’s response was objectionable, not the question.  Appellant objected to the response immediately after it was given and before another question could be asked.  Therefore, the objection was timely.

Furthermore, 
Lagrone 
is distinguishable from the case before us.  In 
Lagrone
, the prosecutor asked two questions.  942 S.W.2d at 617.  The witness responded to each accordingly.  
Id.  
The prosecutor then passed the witness.  
Id.  
Only then did the defense attorney object to any further questioning of the witness and to the two questions already asked and answered.  
Id. 

The error thus being preserved, we must next determine whether the trial court’s refusal to grant a mistrial was error.
  We review the trial court’s denial of the motion for a mistrial under an abuse of discretion standard.  
Ladd v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000).  When objectionable testimony is elicited, inadvertently or deliberately, an appellate court presumes the jury will follow instructions to disregard the evidence.  
Id.
  It is well-settled that testimony referring to or implying extraneous offenses can be rendered harmless by an instruction to disregard by the trial judge, unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury’s mind.  
Kemp v. State
, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992), 
cert. denied
, 508 U.S. 918 (1993).  The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case.  
Ladd
, 3 S.W.3d at 567.

In similar cases, courts have held a curative instruction sufficient to render objectionable testimony harmless.  
See, e.g.
, 
Kemp
, 846 S.W.2d at 308 (holding State’s witness’s reference to defendant’s prior incarceration rendered harmless by curative instruction); 
Gardner v. State
, 730 S.W.2d 675, 696-97 (Tex. Crim. App.) (holding witness’s testimony during State’s cross-examination that, when defendant was in the penitentiary, he had stomach problems attributable to drug withdrawal was cured by trial court’s instruction to disregard), 
cert. denied
, 484 U.S. 905 (1987);
 Barney v. State
, 698 S.W.2d 114, 124-25 (Tex. Crim. App. 1985) (holding State’s witness’s answer that victim did not like defendant because “he was an ex-con” was improper reference to extraneous offense, but cured by jury instruction). 
 Appellant would have us distinguish each of these cases because the defendant in each was merely referred to as being incarcerated rather than, as here, being accused of committing nearly the same offense for which he is presently being tried.  However, we find Appellant’s argument unpersuasive.  

In 
Russell v. State
, 798 S.W.2d 632 (Tex. App.—Fort Worth 1990, no pet.), the defendant was on trial for capital murder, stemming from the robbery and shooting death of a car salesman.  
Id. 
at 633.  In his testimony at trial and in violation of the defendant’s motion in limine, the defendant’s accomplice referred to prior burglaries performed by them together.  
Id.  
We held this error was rendered harmless by the trial court sustaining the defendant’s objection and instructing the jury to disregard.  
Id. 
at 633-34.  

In addition, we disagree that the State invited the witness’s testimony.  The witness could have answered the State’s question in any number of ways that would not have invited testimony of an extraneous offense.  Furthermore, if the State’s question had been objectionable in itself, then Appellant would have had to object to it before the witness was allowed to answer, or any error on appeal would have been forfeited.  
See Dinkins
, 894 S.W.2d at 355.

Therefore, we conclude that the reference to Appellant’s prior gun use was not so inflammatory as to undermine the efficacy of the trial court’s instruction to disregard.  The court’s instruction to disregard the statement cured any error accruing from the witness’s answer.  We overrule Appellant’s third issue.

VI. Conclusion

Having overruled Appellant’s three issues on appeal, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 29, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Although in his brief Appellant claims that Damien was looking for him at Theresa’s request, it is unclear from the record exactly why Damien decided to locate his brother that night.

3:
Damien later testified that he and Appellant had not had any conversation on the night of the shooting except that he told Appellant to take out his gun.  However, an eleven-year-old girl who lived near where the shooting took place and who was sitting on her porch on the night of the shooting testified that she heard loud yelling, sounding like an argument, between Damien and Appellant just before Appellant began shooting. 

4:
Section 9.31 states that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other’s use or attempted use of unlawful force.  
Tex. Penal Code Ann. 
§ 9.31(a) (Vernon 2003).