Affirmed and Opinion filed July 11, 2002















Affirmed and
Opinion filed July 11, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00542-CR

____________

 

GARY LEE HAWKINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from
the 174th District Court

Harris County, Texas

Trial Court
Cause No. 840714

 

 

 

O P I N I O
N

            Appellant, Gary Lee Hawkins, was
charged with capital murder.  A jury
convicted him, and the trial court assessed punishment at life in prison.  In a single issue, appellant contends the trial
court erred in excluding evidence that a witness had, on a prior occasion,
falsely implicated another person for a robbery the witness committed.  We affirm.




 








Background

            Stanley White testified that on March 28, 2000, he met up
with appellant and Melvin Pope at a friend’s house.  Appellant told White that they wanted to “hit
a lick,” or rob, a payroll van.  The
three of them then drove around for a time, and at one of their stops,
appellant told White that Pope had money in his possession.[1]  According to White, he and appellant then
discussed robbing Pope.  At their next
stop, appellant exchanged a smaller handgun for a .357 caliber handgun.  After the exchange, appellant got in the back
seat of the car, with White in the front passenger seat, and Pope driving.  According to White, appellant told Pope to
stop because he needed to disgorge.  Pope
stopped the vehicle, and appellant exited the car.  White stated that appellant then got back in
the car and, as Pope put the car in gear, he, appellant, shot and killed
Pope.  White was charged with aggravated
robbery for his part in the crime.  In
exchange for his testimony, he was to receive a sentencing recommendation from
the district attorney.

            Appellant’s trial counsel sought to
introduce testimony from Donte Casey that White had falsely accused him, Casey,
of committing a robbery of a Payless shoe store when it was really White who
committed the crime.[2]  Although Casey was allowed to testify that
White’s reputation for truthfulness in the community was “probably bad,” the
trial court refused to let him testify regarding the robbery.[3]  On appeal, appellant contends that the trial
court erred in disallowing the testimony under Rules 403 and 404 of the Texas
Rules of Evidence and in violation of appellant’s constitutional rights to due
process.  See U.S. Const.
amend. XIV, § 1; Tex. R. Evid. 403,
404.[4]

Exclusion
of Evidence

            We review a trial court’s decision
to exclude evidence under an abuse of discretion standard.  Burden
v. State, 55 S.W.3d 608, 615 (Tex. Crim. App.
2001).  An abuse of discretion occurs
when the trial court acts without reference to any guiding rules or
principles.  See Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim.
App. 1990); Thompson v. State, 44
S.W.3d 171, 174 (Tex. App.—Houston [14th
Dist.] 2001, no pet.).  The standard
requires us to uphold a trial court’s admissibility decision when that decision
is within “the zone of reasonable disagreement.”  Powell
v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001).

            Although somewhat convoluted,
appellant’s brief appears to make two contentions: (1) Casey’s testimony, that
White falsely accused him of robbery, is admissible to show that White has
falsely accused appellant of murdering Pope; or (2) Casey’s testimony,
regarding White’s involvement in the earlier robbery, is relevant to
establishing White’s intent to murder Pope. 
We find merit in neither of these contentions.

            The first argument is an attack on
White’s credibility as a witness. 
Appellant’s brief states: 
“[a]ppellant sought to admit the evidence because the witness against
him lied about his role in the offense, according to appellant’s testimony; the
existence of a similar offense where White also lied to escape the consequences
of his conduct substantially supported that position.”  The rules governing the admissibility of
credibility evidence are principally contained in article VI of the Texas Rules
of Evidence.  Rule 608(b) states:  “Specific instances of the conduct of a
witness, for the purpose of attacking or supporting the witness’ credibility,
other than conviction of crime as provided in Rule 609, may not be inquired
into on cross-examination of the witness nor proved by extrinsic
evidence.”  Tex. R. Evid. 608(b). 
The rule has been described as very restrictive and allowing for no
exceptions.  Ramirez v. State, 802 S.W.2d 674, 676 (Tex. Crim. App. 1990).  But see
1 Steven Goode et al., Texas
Practice Guide to the Texas Rules of Evidence: Civil & Criminal §
608.1, at 574 (2d ed. 1993) (explaining that specific acts may be proved for
other purposes under other rules, such as to establish bias, rebut
misrepresentation, or show lack of capacity).[5]  Casey’s testimony that White lied in a
particular instance was prohibited by the explicit language of Rule
608(b).  Appellant’s brief does not
provide any argument or authority under any other rule that could conceivably
allow admission of the testimony about the allegedly false accusation.  See Tex. R. App. P. 38.1(h) (“The brief
must contain a clear and concise argument . . . with appropriate citations to
authorities and to the record.”); Jackson
v. State, 50 S.W.3d 579, 591 n.1 (Tex. App.—Fort Worth 2001, pet. ref’d)
(when brief is devoid of any argument or supporting authority on alleged error,
appellant waives the right to complain about the issue on appeal).

            Appellant’s second possible
argument, that evidence of White’s involvement in a robbery of a Payless shoe
store is admissible as evidence relevant to show that White murdered Pope, can
arguably be analyzed under Rule 404(b).  See Tex.
R. Evid. 404(b).  Rule 404(b)
states: “Evidence of other crimes, wrongs or acts is not admissible to prove
the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other
purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident . . . .”  Id. [6]  In the trial court, defense counsel argued
only that Casey’s testimony was admissible under Rule 404(b), specifically
stating at one point: “It’s our position that we would be offered [sic] 404(b)
prior relevant conduct on the part of Mr. White to show that he acted in
conformity with it again.”  The very
language of Rule 404(b) prohibits that use of the evidence.  See id.

            On appeal, appellant additionally
appears to argue that Casey’s testimony was admissible as evidence of
intent.  Intent is one of the exceptions
listed in Rule 404(b) to the general rule of inadmissibility for other crimes,
wrongs, or acts.  See id.  Casey testified in
the offer of proof that White drove to the Payless shoe store and then entered
the store with a gun.  Casey further
stated that “[White] wasn’t just the get-a-way [sic] driver.”  Appellant, however, provides no rationale as
to how this testimony is relevant to any intent to murder Pope, and we can
discern no such rationale.  Under Rule
404(b), evidence is not admissible simply because of its tendency to
demonstrate a person’s general propensity for committing criminal acts.  Owens
v. State, 827 S.W.2d 911, 914 (Tex. Crim. App. 1992).  Appellant makes no arguments regarding any
other exception under Rule 404(b).[7]  Accordingly, we find that the trial court did
not abuse its discretion in refusing to admit Casey’s testimony under Rule
404(b).




Due Process

            Appellant additionally contends
that, in excluding Casey’s testimony, the trial court violated appellant’s
constitutional right to due process by denying him the ability to present a
defense.  Certainly, the United States
Constitution mandates that criminal defendants have “a meaningful opportunity
to present a complete defense.”  Gilmore v. Taylor, 508 U.S. 333, 343
(1993).  However, a defendant’s right to
present evidence is subject to reasonable restrictions.  United States v. Scheffer, 523 U.S. 303, 308
(1998).  A defendant has a right to
present evidence of a defense “as long as the evidence is relevant and is not
excluded by an established evidentiary rule.” 
Miller v. State, 36 S.W.3d
503, 507 (Tex. Crim. App. 2001) (citing Chambers
v. Mississippi, 410 U.S. 284, 302
(1973); New Mexico v. Duncan, 830
P.2d 554, 558 (N. M. Ct. App. 1990); and Pennsylvania
v. Greene, 366 A.2d 234, 237 (Pa. 1976)). As
discussed above, Casey’s testimony was properly excluded under Rule 404(b)’s
prohibition against using evidence of other acts to show character conformity
and under Rule 608(b)’s prohibition against impeachment by specific
conduct.  Both are frequently cited,
frequently followed, and well-established rules of evidence.[8]  Accordingly, appellant’s constitutional
arguments are without merit.  The trial
court did not abuse its discretion in excluding Casey’s testimony.  We overrule appellant’s sole issue.

            The judgment of the trial court is
affirmed.

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment rendered
and Opinion filed July 11,
 2002.

Panel
consists of Justices Yates, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).











            [1]  Anna Marie Rice, Melvyn Pope’s roommate,
testified that on March 28 she had given Pope $500 or $600 for the rent on
their apartment and that Pope had counted this money in front of appellant.





            [2]  Trial counsel developed a bill of exception
regarding the proffered testimony.





            [3]  The record does not demonstrate that the
prosecution ever objected to the admission of evidence relating to the Payless
shoe store robbery.  Defense counsel
asked about admissibility of the testimony prior to examining Casey in open
court, and the judge said he would not allow it.  The State did object as to relevance when
defense counsel asked Casey if he had any knowledge whether White owned any
firearms.  The judge sustained the
objection, and defense counsel passed the witness without attempting to ask any
questions regarding the robbery. 
However, in the interests of justice, we will treat appellant’s
complaint as having been preserved in the trial court.  See
generally Tex. R. Evid. 103(a)(2)
(when evidence is excluded, party must make an offer of proof in order to
preserve error); In re B.N.E., 927
S.W.2d 271, 273 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (once court
excluded evidence, defendant’s only burden to preserve error was to make an
offer of proof).





            [4]  Rule 403 simply states that even relevant
evidence may be excluded under certain circumstances.  Appellant cites the rule but makes no
arguments based on it.  We therefore do
not consider whether Rule 403 has any bearing on this case.  See Tex. R. App. P. 38.1(h) (“The brief
must contain a clear and concise argument . . . with appropriate citations to
authorities and to the record.”); see
also Vasquez v. State, 22 S.W.3d
28, 31 (Tex. App.—Amarillo 2000, no pet.) (holding that conclusory statements
unsupported by argument or authority are inadequately briefed, and thus are
waived); Lockett v. State, 16 S.W.3d
504, 505 n.2 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (same).

 





            [5]  Casey testified without objection regarding
White’s reputation for truthfulness, as allowed under Rule 608(a).  Rule 609 allows for impeachment of a witness
through evidence that the witness had been convicted of a crime.  The record from appellant’s offer of proof
reveals that defense counsel was attempting to get evidence of White’s allegation against Casey admitted and
not evidence that White had been convicted of any crime.





            [6]  Appellant cites no cases, and we have found
none, permitting admission of extraneous offense evidence against a witness under Rule 404(b) in a criminal
case.  At least one court has suggested
that Rule 404(b) can never be used to admit such evidence against a
witness.  See Russell v. State, 798 S.W.2d 632, 636 (Tex. App.—Fort Worth
1990, no pet.) (interpreting 404(b) as applying only to criminal
defendants).  However, we decline to
adopt the broad exclusion embraced in Russell.  First, it is conceivable that a criminal
defendant could attempt to introduce evidence that a different person actually
committed the crime and that evidence relevant to the defense could fit into
one of the exceptions.  Second, prior to
the unification of the rules of evidence in Texas, the civil rules had a
substantially similar provision.  See Tex.
R. Civ. Evid. 404(b); 1 Goode et
al., supra § 404.6, at 88
(Supp. 2001).  Last, the rule is still
used in civil cases.  See, e.g., Eris v. Phares, 39 S.W.3d
708, 717 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  In short, we do not agree with the Russell court’s suggestion that 404(b)
should always be read as applying only to criminal defendants.





            [7]  Appellant may be attempting to argue that it
is the evidence of the prior false accusation that is admissible under Rule
404(b).  However, as explained above,
such evidence is explicitly excluded under Rule 608(b).  A specific rule of evidence controls over a
more general rule.  See Ballard v. State, 945 S.W.2d 902, 904 (Tex. App.—Beaumont 1997,
no pet.) (holding specific evidentiary rule in theft statute controls over Rule
404(b)).  Appellant makes no arguments
related to Casey’s testimony that White had previously possessed a firearm of a
caliber that may have been used to commit the murder.





            [8]  Texas Rule of Evidence 404(b) is
substantially identical to Federal Rule of Evidence 404(b).  Compare
Tex. R. Evid. 404(b) with Fed.
R. Evid. 404(b).  The prohibition
against impeachment by specific instances of conduct, currently contained in
Rule 608(b), has been the rule in Texas criminal trials since 1951.  1
Goode et al., supra § 608.1, at 574.